UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| JOHN CARTER, | Case No. 13-14017 |
| Plaintiff, | Nancy G. Edmunds |
| v. | United States District Judge |
| G & S FOOD SHOP and | Michael Hluchaniuk |
| R & S FOOD SHOP, | United States Magistrate Judge |
| Defendants. | |
| _____/ | |

**REPORT AND RECOMMENDATION**
**DISMISSAL OF PLAINTIFF'S COMPLAINT (Dkt. 1)**

### I.     PROCEDURAL HISTORY

On September 19, 2013, plaintiff John Carter filed a *pro se* civil complaint in this Court against defendants G & S Food Shop and R & S Food Shop. (Dkt. 1). This matter was referred to the undersigned for all pretrial matters, including the preparation of Reports and Recommendation as to dispositive motions, pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 4). For the reasons set forth below, the undersigned **RECOMMENDS** that the complaint be **DISMISSED** *sua sponte* for lack of subject matter jurisdiction.

### II.     FACTS

Plaintiff's complaint is sparse and contains essentially no supporting facts, but purports to assert a *qui tam* action against defendants, asserting claims under

26 U.S.C. § 7623 and "[p]ursuant to the Federal Insurance Contributions Act (FICA)" for "knowingly fail[ing] to pay [and withhold] employment taxes to the Internal Revenue Service (IRS) for employee Abdul Alryashi, birth year 1995," "knowingly conspir[ing] to pay Mr. Alryashi 'off the books' in cash without recording or reporting his wages," and "knowingly present[ing] a false claim regarding employees paid 'off the books' in cash without recording or reporting their wages to the Internal Revenue Service (IRS)." (Dkt. 1). Plaintiff also alleges that "[p]ursuant to the Immigration Reform and Control Act of 1986, defendant[s] . . . did knowingly conspire to hire Mr. Alryashi without completing an Employment Eligibility Verification." (*Id.*). The Civil Cover Sheet accompanying plaintiff's complaint indicates that he seeks to state a claim under the False Claims Act, describing the cause of action as "[h]iring workers off the books." (Dkt. 1, Pg ID 14).

## III.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. Dismissal on a *sua sponte* basis is authorized when the asserted claims lack "legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple v. Glenn*, 183 F.3d 477, 480 (6th Cir. 1999). A complaint must set forth a basis to conclude that subject matter jurisdiction exists. In this regard, Fed. R. Civ. P 8(a)(2) requires that a complaint

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory," and bare assertions of legal conclusions are insufficient. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The Sixth Circuit has recognized that such pleading requirements are mandatory, even for *pro se* litigants. *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989). A court "should not have to guess at the nature of the claim asserted." *Id.*

In *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007), the Supreme Court, construing the requirements of Fed. R. Civ. P. 8(a)(2), held that although a complaint need not contain detailed factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true." *Id.* at 555 (internal citations and quotation marks omitted). Further, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotation marks omitted); *see also Association of Cleveland Fire Fighters v. City of Cleveland, Ohio* 502 F.3d 545, 548 (6th Cir. 2007). Stated differently, a complaint must "state a claim to relief that is plausible on its face." *Twombley*, 550 U.S. at 570.

In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained and expanded on what it termed the "two-pronged approach" of *Twombley*. First, it must be determined whether a complaint contains factual allegations, as opposed to legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombley*, 550 U.S. at 555). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not "shown]"–"that the pleader is entitled to relief."

*Id.* at 679 (internal citations omitted).

Where a claim is frivolous, a court may dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). "[A] district court may, at any time, *sua sponte*, dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple*, 183 F.3d at 479; *see also Higgins v. Lavine*, 415 U.S. 528, 536-37 (1974) (patently frivolous case divests the district court of jurisdiction). A case is frivolous if it lacks arguable basis in either law or

fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## IV.   ANALYSIS AND CONCLUSIONS

Giving this *pro se* complaint a liberal construction, it appears that plaintiff is asserting a claim under the False Claims Act, alleging that defendants: (1) failed to pay and withhold "employment taxes" for Mr. Alryashi; (2) failed to report Mr. Alryashi's wages to the Internal Revenue Service; and (3) employed Mr. Alryashi without completing an "Employee Eligibility Verification" form, in violation of the Immigration Reform and Control Act of 1986 ("IRCA").  (Dkt. 1).

The False Claims Act imposes liability on "[a]ny person who . . . knowingly presents, or causes to be presented, to an officer or employee of the United States Government . . . a false or fraudulent claim for payment or approval."  31 U.S.C. § 3729(a)(1).  The Act further authorizes private persons to bring civil actions for violations of § 3729 in the Government's name, and entitles those persons to a portion of the amount recovered thereby.  31 U.S.C. §§ 3730(b)(1), (d).  The False Claims Act requires a private plaintiff bringing suit to first serve on the government a copy of the complaint and substantially all material evidence supporting his claim.  31 U.S.C. § 3730(b)(2); *see also United States ex rel. Summers v. LHC Grp., Inc.*, 623 F.3d 287, 291 (6th Cir. 2010).  "In such *qui tam* actions . . . the complaint is not immediately made available to the public or even to the defendant."  *LHC Grp.*, 623 F.3d at 291.  Rather, the complaint must be filed

*in camera*, must remain under seal for at least 60 days, and cannot be served on the defendant until service is ordered by the court. 31 U.S.C. § 3730(b)(2). "The Government may elect to intervene and proceed with the action within 60 days after it receives both the complaint and the material evidence and information." *Id.* Recovery is completely precluded where the plaintiff fails to satisfy this requirement. *LHC Grp.*, 623 F.3d at 296, 298 (holding that "violations of the procedural requirements imposed on *qui tam* plaintiffs under the False Claims Act preclude such plaintiffs from asserting *qui tam* status").

There can be no dispute that plaintiff here failed to comply with the requirement of the False Claims Act that he first provide the government with a copy of the Complaint filed under seal with the Court. Plaintiff's complaint against the defendants was brought directly in this Court, was brought in plaintiff's name, and was not filed under seal. Accordingly, plaintiff failed to comply with the procedural requirements for *qui tam* actions under the False Claims Act and he cannot recover under the statute and his complaint should be dismissed with prejudice. *See LHC Grp.*, 623 F.3d at 296; *see also Carter v. Subway Store # 6319*, 2012 WL 666838, at *4 (E.D. Mich. Feb. 29, 2012)[1] (dismissing plaintiff's

---

[1] The undersigned notes the *Carter v. Subway Store* case appears to involve the same plaintiff as in this case. In that case, plaintiff "Johnnie Lee Carter" similarly alleged that defendants failed to pay and withhold employment taxes and failed to obtain an Employment Eligibility Verification form for another person. Both complaints suffer the same fatal deficiencies of failing to allege a claim under the False Claims Act regarding the payment and withholding of taxes and alleged failure to obtain "Employment Eligibility Verification."

complaint for failure to comply with the procedural requirements of the False Claims Act); *see also Foster v. Savannah Commc'n*, 140 Fed. Appx. 905, 908 (11th Cir. 2005) (affirming district court's dismissal of plaintiff's complaint based on its finding that plaintiff failed to comply with the procedural filing requirements for *qui tam* actions under the False Claims Act as to the contractor defendants).

Moreover, even if plaintiff had complied with the False Claims Act's procedural requirements, his allegations would nevertheless fail to state a valid claim under the statute. The False Claims Act "does not apply to claims, records, or statements made under the Internal Revenue Code of 1986." 31 U.S.C. § 3729(d). As in *Carter v. Subway Store # 6319*, plaintiff's claims here relating to the alleged failure to pay or withhold "employment taxes," and the alleged failure to report wages to the Internal Revenue Service are barred by this provision. *See Carter*, 2012 WL 666838, at *4; *see also Almeida v. United Steelworkers of America Int'l Union, AFL-CIO*, 50 F.Supp.2d 115, 126 (D.R.I. 1999) (the False Claims Act expressly excludes income tax matters from the scope of the False Claims Act) (collecting cases); *Hardin v. DuPont Scandinavia (ARA-JET)*, 731 F. Supp. 1202, 1204 (S.D.N.Y. 1990) (noting that the Internal Revenue Code provides in 26 U.S.C. § 7401 that only the government may institute civil actions for the recovery of taxes and "actions to recover income taxes are not authorized by the *qui tam* provisions of § 3730").

As to plaintiff's claim that defendants conspired to hire Mr. Alryashi without completing an "Employment Eligibility Verification" form, "[s]uch a claim is not cognizable under the False Claims Act, which specifically lists the actions for which a defendant can be held liable." *Carter*, 2012 WL 666838, at *4-5 (citing 31 U.S.C. § 3929(a)(1)). The *Carter* court explained that "[w]here it is not alleged that the defendant took one of the listed actions, there is no liability under the False Claims Act." *Id.* at *5 (citing *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006) (not all violations of law, rules, or regulations give rise to an action under the False Claims Act)). "There is no indication that the alleged failure to obtain 'Employment Eligibility Verification' forms has any connection to a claim for money or property against the government. Thus, even if [p]laintiff's allegations were true, they would not state a valid claim." *Id.*[2]

Finally, to the extent plaintiff's complaint purports to assert a claim pursuant to 26 U.S.C. § 7623, such a claim fails as a matter of law because that section of the Internal Revenue Code merely provides for awards to whistleblowers in the event that the Internal Revenue Service successfully pursues an administrative or judicial action against a person who violates the tax laws. *See* 26 U.S.C. §

---

[2] The undersigned further notes that neither FICA nor IRCA provide for private causes of action in federal court. *See Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 66-67 (3d Cir. 2008) (collecting cases and citing *Salazar v. Brown*, 940 F. Supp. 160, 166 (W.D. Mich. 1996) (no private right of action under FICA)); *Tudoriu v. Horshoe Casino Hammond*, 2006 WL 752490, at *2 (N.D. Ind. Mar. 21, 2006) (IRCA does not provide for private causes of action in federal court) (citations omitted).

7623(b). The Internal Revenue Service has not intervened in this suit or otherwise proceeded with an administrative or judicial action against the defendants for underpayment of taxes; thus, plaintiff cannot seek to obtain such a whistleblower award. *See Carter*, 2012 WL 666838, at *5. And, the United States Tax Court exercises exclusive jurisdiction over claims brought to collect proceeds under § 7623(b). *See* 26 U.S.C. § 7623(b)(4); *see also*, *e.g.*, *Amsinger v. United States*, 99 Fed. Cl. 254, 258 (Fed. Cl. 2011) (citing *DaCosta v. United States*, 82 Fed. Cl. 549, 555 (2008) (noting that claims under § 7623(b) are within the exclusive jurisdiction of the Tax Court)). Thus, any claims founded on 26 U.S.C. § 7623 should be dismissed for lack of jurisdiction.

In short, plaintiff has set forth no plausible claim for relief, and his complaint is frivolous to the extent that this Court does not have subject matter jurisdiction. The complaint should therefore be *sua sponte* dismissed with prejudice.

## V. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** *sua sponte* that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule

72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: October 10, 2013            s/Michael Hluchaniuk
                                  Michael Hluchaniuk
                                  United States Magistrate Judge

## **CERTIFICATE OF SERVICE**

      I certify that on October 10, 2013, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system  and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): John Carter, 12273 Moran Street, Detroit, MI 48212.

                                        s/Tammy Hallwood
                                        Case Manager
                                        (810) 341-7887
                                        tammy_hallwood@mied.uscourts.gov